# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

U-HAUL CO. OF NEVADA, INC., *et al.*,

    Plaintiff,

v.

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

Case No. 2:08-CV-729-KJD-RJJ

**ORDER**

    Presently before the Court is Defendant United States of America's (hereinafter referred to as "Government") Motion to Dismiss First Amended Complaint (#38). Plaintiff filed a response in opposition (#41) to which Defendant replied (#42). The Court heard oral arguments concerning the present motion from both parties on July 27, 2011.

I. Background

    Beginning in 2004, U-Haul was the respondent in several consolidated unfair labor practice proceedings brought by the National Labor Relations Board. During those proceedings, Assistant United States Attorney Steven Wamser ("Wamser") supervised another Assistant United States Attorney, Nathan Albright ("Albright"), in the representation of the NLRB. U-Haul was represented by Kamer, Zucker, and Abbot ("KZA"). KZA employed paralegal Debra Wilcher ("Wilcher"), who was assigned to assist the attorneys at KZA in the NLRB proceeding. Plaintiff alleges that during

that proceeding, Albright had a sexual relationship with Wilcher ("the Affair") and that during the Affair, Albright and Wasmer sought and obtained attorney/client privileged information from Wilcher, including litigation strategy information ("Confidential Information").  Wilcher and Albright, who is now deceased, have been sued in separate litigation.

The present suit includes Plaintiff's claims against the Government and Wamser in his official capacity.  Plaintiff's Amended Complaint (#37) in this action asserts: (i) conversion; (ii) trespass to chattels; (iii) negligence/professional negligence; (iv) tortious conspiracy; and (v) concert of action.  Plaintiff alleges throughout the Amend Complaint that Wasmer assisted Albright in obtaining the Confidential Information, personally possessed the Confidential Information, used it to the detriment of Plaintiff during the NLRB proceeding, and failed to tell Plaintiff that he and Albright had procured the Confidential Information.

The Government contends that Plaintiff's claims are barred by the Federal Tort Claims Act ("FTCA") because the true essence of the factual allegations in the complaint are all causes of action barred under the FTCA.  Specifically, the Government argues that the Plaintiff's claims essentially constitute: 1. abuse of process; 2. misrepresentation and deceit torts; and 3. interference with contract rights.  Finally, the Government argues that the tortious conspiracy and concert of action claims should be barred because they arise out of the allegedly barred claims.

II.  Analysis

Defendant has moved to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  Rule 12(b)(1) attacks on jurisdiction can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint. See White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).  Here, the Government's motion is a facial challenge, and therefore the Court's inquiry is confined to the allegations in the Amended Complaint (#37).  The factual allegations in the complaint are accepted as true solely for the purpose of the present motion.

The main dispute in the present motion is whether the Government has sovereign immunity which precludes Plaintiff's claims.  The United States is immune from suit unless it waives its sovereign immunity.  FDIC v. Meyer, 510 U.S. 471, 474 (1994).  "Sovereign immunity is jurisdictional in nature." Id.  Therefore, the Government has immunity unless it is shown to have been waived.

In some cases, the FTCA waives sovereign immunity and provides jurisdiction over claims that are "cognizable" under 28 U.S.C. § 1346(b).  See U.S.C §2679(a); Meyer, 510 U.S. at 474.  Some claims cognizable under § 1346(b), however, are excluded from the FTCA's coverage.  Specifically, 28 U.S.C. § 2680(h) precludes waiver of sovereign immunity for "[a]ny claim arising out of . . . abuse of process, . . . misrepresentation, deceit, or interference with contract rights. . ."

A.  Sovereign Immunity for Conversion, Trespass to Chattels, and Negligence/Professional Negligence Claims

When applying § 2680(h) exclusions, the Court must look beyond the literal meaning of the complaint and "ascertain the real cause of the complaint." Id. 366 U.S. at 703; Snow-Erlin v. United States, 470 F.3d 804, 808 (9th Cir. 2006)("If the gravamen of Plaintiff's complaint is a claim for an excluded tort under § 2680(h), then the claim is barred.").  Here, the Government asserts that it has not waived its sovereign immunity because the true essence or "gravamen" of Plaintiff's complaints under the Federal Tort Claim Act ("FTCA") fall under the abuse of process, misrepresentation, deceit, and interference with contractual rights exceptions of 28 U.S.C. § 2680(h).

1.  Abuse of Process

The Government asserts that the true essence or "gravamen" of Plaintiff's Complaint is abuse of process.  Plaintiff contends that the facts alleged do not constitute abuse of process under Nevada law.

Abuse of process is a state law claim and therefore Nevada law applies.  See, Kohlrautz v. Oilmen Participation Corp., 441 F.3d 827, 835 (9th Cir. 2006).  Under Nevada law, abuse of process requires (1) an ulterior purpose for bringing a legal action other than resolving a dispute, and (2) a

1  willful act in the use of the legal process not proper in the regular conduct of the proceeding. Las
2  Vegas Fetish & Fantasy Halloween Ball, Inc.,v. Ahern Rentals, Inc., 182 P.3d 764, 767 (2008).
3  Here, Plaintiff does not allege that Wasmer used a legal process to commit the alleged actions.
4  Plaintiff alleges that Wasmer took the property of U-Haul by condoning and benefitting from his
5  colleague's affair with a paralegal. Obtaining confidential information from opposing counsel
6  without the consent or knowledge of opposing counsel is not a legal process with a designated
7  purpose. Additionally, the Government does not allege what ulterior purpose Plaintiff may have had
8  for bringing this legal action. Therefore, the alleged actions do not constitute abuse of process under
9  Nevada law.

### 2. Misrepresentation and Deceit

11  The § 2680(h) misrepresentation and deceit exceptions to the FTCA apply "when the plaintiff
12  suffers an economic loss as a result of a commercial decision based on a misrepresentation consisting
13  of either false information or a failure to provide information [which the government] had a duty to
14  provide." FDIC v. Craft, 157 F.3d 697, 707 (9th Cir. 1998) quoting Mt. Homes, Inc. v. United
15  States, 912 F.2d 352, 356 (9th Cir. 1990); see also Frigard v. United States, 862 F.2d 201, 202 (9th
16  Cir. 1988). The tort of conversion "is a distinct act of dominion wrongfully exerted over personal
17  property in denial of, or inconsistent with, title or rights therein or in derogation, exclusion or
18  defiance of such rights." Edwards v. Emperor's Garden Restaurant, 122 Nev. 317, 328 (2006). A
19  Defendant has committed the tort of trespass to chattels if: "(a) he dispossesses the other of the
20  chattel, or (b) the chattel is impaired as to its condition, quality, or value, or (c) the possessor is
21  deprived of the use of the chattel for a substantial time, or (d) bodily harm is caused to the possessor,
22  or harm is caused to some person or thing in which the possessor has a legally protected interest."
23  Cerros v. North Las Vegas Police Dept., 2008 WL 608641, *4 (D.Nev. 2008) (quoting Restatement
24  (Second) of Torts § 218).

25  According to the Government, the gravamen of Plaintiff's conversion and trespass to chattels
26  claims is actually misrepresentation and deceit, because the basis of Plaintiff's Complaint is that

Wasmer's failure to tell U-Haul about the Affair and the Confidential Information he and Albright obtained, caused U-Haul to lose money during the NLRB proceedings.  The Government argues that failure to provide information is at the core of Plaintiff's allegations, and therefore the misrepresentation and deceit exception of the FTCA bars Plaintiff's claims.

      Plaintiff contends that its complaint is not based on misrepresentation and deceit because the facts go beyond Wasmer's failure to disclose that he had the Confidential Information.  Rather, the facts assert that Wasmer wrongly took, possessed, and used the Confidential Information, which was the property of Plaintiff, and the Confidential Information was impaired and lost its value once it was in Wasmer's possession.  The facts, Plaintiff argues, allege the necessary elements of conversion and trespass to chattels, not misrepresentation and deceit.

      Here, the facts are sufficient to state a claim for conversion and trespass to chattels.  Plaintiff's allegations include that Wasmer recieved the Confidential Information, possessed it, used it, and in doing so the Confidential Information lost all its value.  As pled, the allegations go beyond the assertion that Wasmer failed to provide U-Haul information.  While Plaintiff's counsel admitted having no evidence that Wasmer had any role in the taking of the Confidential Information, the factual allegations in the Complaint are sufficient to state a claim for tortuous conduct.

### 3. Interference With Contractual Rights

      The Government asserts that the gravamen of Plaintiff's negligence/professional negligence claim is actually interference with contractual rights, because the basis of Plaintiff's Complaint is that Wasmer and Albright induced Wilcher to breach contractual and fiduciary duties.  Plaintiff contends that the facts allege Wasmer committed professional negligence by violating separate and distinct professional duties, including the duty to oversee Albright.

      The Court agrees.  Plaintiff's allegations involve Wasmer's duties as a supervisor and as counsel, not Wilcher's duties to U-Haul.   Although the Complaint includes factual allegations that imply Wilcher violated her duties, that does not preclude bringing claims against Wasmer.  As pled, the facts indicate that Wasmer could have violated separate and distinct duties.  Accordingly,

Plaintiff's factual allegations do not fit as squarely into the abuse of process, misrepresentation, deceit, or interference with contract rights exceptions to sovereign immunity as the Government asserts and thus, they are not barred by § 2680(h).

### B. Sovereign Immunity for Tortious Conspiracy and Concert of Action Claims

Plaintiff's last two claims of Tortious Conspiracy and Concert of Action are also not barred. The Government has moved for dismissal of these claims on the basis that § 2680(h) bars all claims "arising out of" the barred torts it lists.  If the underlying tort is barred by § 2680(h), the conspiracy and concert of action claims are barred as well because they arise out of the barred tort. Deloria v. Veterans Administration, (27 F.2d 1009, 1011-12 (7th Cir. 1991) (claim for conspiracy barred because the gravamen of underlying tort was excluded under § 2680(h)); see also Owyhee Grazing Ass'n, Inc. v. Field, 637 F.2d 694, 697 (9th Cir. 1981)(claim for conspiracy to defraud barred because fraud excluded under § 2680(h)).

Here, however, Plaintiff's conspiracy and concert of action claims are based in claims that are not barred for reasons discussed above. Therefore, the conspiracy and concert of action claims are also not barred because they arise out of properly pled tort claims.  Accordingly, the Court denies dismissal of the Amended Complaint (#37).

## II.  Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant the United States of America's Motion to Dismiss (#38) is **DENIED**;

DATED this 29th day of July 2011.

_____
Kent J. Dawson
United States District Judge