Dennis L. Kennedy, Nevada Bar No. 1462
Kimberly R. McGhee, Nevada Bar No. 9728
**BAILEY❖KENNEDY**
8984 Spanish Ridge Avenue
Las Vegas, NV  89148-1302
Phone: (702) 562-8820
Fax: (702) 562-8821
dkennedy@baileykennedy.com
kmcghee@baileykennedy.com

Scot L. Claus  (Admitted *Pro Hac Vice*), Arizona Bar No. 014999
**MARISCAL, WEEKS, McINTYRE & FRIEDLANDER, P.A.**
2901 North Central Avenue, Suite 200
Phoenix, Arizona 85012-2705
Phone: (602) 285-5000
Fax: (602) 285-5100
scot.claus@mwmf.com
**Attorneys for Plaintiffs**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| U-HAUL CO. OF NEVADA, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No.  2:08-cv-729-KJD-RJJ<br><br>**STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS** |

The parties by and through their respective undersigned counsel do hereby stipulate and agree that the Court may enter a Protective Order Governing Confidentiality of Documents and Other Information to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality; protect adequately material entitled to be kept confidential and privileged as proprietary or otherwise considered confidential or privileged company policies

1

1  and procedures and to ensure that protection is afforded only to material or information so
2  entitled.
3      It is, pursuant to the Court's authority under F.R.C.P. 26(c) and with the consent of the
4  parties, hereby stipulated and agreed that the following terms and conditions applicable to
5  discovery in this matter be entered by order of the Court:
6      **A.   NONDISCLOSURE OF STAMPED CONFIDENTIAL DOCUMENTS.**
7      Except with the prior written consent of the party or other person originally designating a
8  document to be stamped as a confidential document, or as hereinafter provided under this order,
9  no stamped confidential document may be disclosed to any person, except as authorized by this
10 Order.
11     A "stamped confidential document" means any document which bears the legend or which
12 shall otherwise have had the legend recorded upon it in any way that brings to the attention of a
13 reasonable examiner.  *"Confidential-Subject to Protective Order"* signifies that the document so
14 marked contains the information believed to be subject to a protection under Federal Rules of
15 Civil Procedure, under the various policies of the affected companies or agencies whose
16 documents or information is being produced, or otherwise under federal or state law.  For
17 purposes of this order, the term "document" means all written, recorded or graphic material,
18 whether produced or created by a party or another person pursuant to Rule 34, subpoena, by
19 agreement or otherwise.  Interrogatory answers, responses to requests for admissions, deposition
20 transcripts and exhibits, pleadings, motions, affidavits and briefs that summarize or contain
21 materials entitled to protection that may be accorded status as a stamped confidential document,
22 but, to the extent feasible, shall be prepared in such a manner that the confidential information is
23 bound separately from that not entitled to protection.  In the event a party examines or inspects
24 the processes or equipment operations of a company, the notes, data compilations, photographs,
25 videotaping or other type of recordation shall be deemed a document as defined herein.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

**B.    PERMISSABLE DISCLOSURES.**

Notwithstanding paragraph A, stamped confidential documents may be disclosed to the parties and counsel for the parties in the action who are effectively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegals, assistants and employees of such counsel to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; and to Court officials involved in this litigation (including Court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court).  Subject to the provisions of paragraph (c) below, such documents may also be disclosed:

(a)    To any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

(b)    To persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; to outside consultants or experts retained for the purpose of assisting counsel in litigation; to employees and parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designating programs for data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; and to employees at third-party contracts to perform one or more of these functions; provided, however, that in all such cases the individual to whom disclosure is to be made has signed and filed with the Court a form containing:

(1)    a recital that the signatory has read and understands this order;

(2)    a recital that the signatory understands that unauthorized disclosures of the stamped confidential documents constitute contempt of Court;

(3)    a statement that the signatory consents to submit to the personal jurisdiction of this Court for enforcement of this stipulation and order.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

1  (c)  Before disclosing a stamped confidential document to any person listed in subparagraph (a) or (b), the party wishing to make such disclosure shall give at least ten (10) days advanced notice in writing to the counsel who has designated the information as confidential, stating the names and addresses to the persons to whom the disclosure will be made [however, if the disclosure is to be made to a consulting expert whose identity need not be disclosed, counsel will so advise that an undisclosed consulting expert is going to receive the documents or information, and make sure that the undisclosed consulting expert is bound by this stipulation and order, by maintaining a signed affidavit by the consulting expert that he or she will abide by all terms and conditions of this stipulation and order], identifying with particularly the document to be disclosed and stating the purpose of such disclosure.  If within the ten (10) day period a motion is filed objecting to the proposed disclosure, the proposal is not permissible until the Court has denied such motion.  The Court will deny the motion unless the objecting party shows good cause why the proposed disclosure should not be permitted.

**C.  DECLASSIFICATION.**

A party (or entity permitted by the Court to intervene for such purposes) may apply to the Court for a ruling that a document (or categories of documents) stamped as confidential is not entitled such status and protection.  The party or other person that designated the document as confidential shall be given notice of the application and an opportunity to respond.  To maintain confidential status, the proponent of the confidentiality shall, by a preponderance of evidence, establish that there is good cause for the document to have such protection.

**D.  CONFIDENTIAL INFORMATION IN DEPOSITIONS.**

(a)  A deponent may during the deposition be shown and examined about stamped confidential documents if the deponent already knows the confidential information contained therein or if the provision of paragraphs B(c) are complied with.  Deponents shall not retain or copy portions of a transcript of their depositions that contain confidential information not

4

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

1  provided by them or the entities that they represent unless they sign the form described in paragraph

2  B(b).  A deponent who is not a party or a representative of a party shall be furnished a copy of this

3  order before being examined about or asked to produce, potentially confidential documents.

4          (b)      Parties (and deponents) may, within fifteen (15) days after first receiving a

5  deposition transcript, in any form, including electronic or hard copy, designate pages of the

6  transcript (and exhibits thereto) as confidential.  Confidential information within the deposition

7  transcript may be designated by underlining the portions of the pages that are confidential and

8  marking such pages with a following legend:  "*Confidential Subject to Protection Order*."  Until

9  expiration of the fifteen (15) day period, the entire deposition will be treated as subject to protection

10  against disclosure under this order.  If no party or deponent timely designates confidential

11  information in a deposition, then neither the transcript nor any of the exhibits thereto will be treated

12  as confidential, except that any exhibit to such transcript, if a stamped confidential document prior

13  to the taking of the subject deposition, will remain confidential; if timely designation is made, the

14  confidential portions and exhibits shall be filed or held under seal separate from the portions and

15  exhibits not so marked.  Confidential information at trial subject to Federal rules of evidence,

16  stamped confidential documents and other confidential information may be offered into evidence at

17  trial or any Court hearing, provided the proponent of the evidence gives five (5) days advance notice

18  to the counsel, for the party that designated the information as confidential.  Any party may move

19  the Court for an order that the evidence be received in camera or under the conditions to prevent

20  unnecessary disclosure.  The Court will then determine whether the proffered evidence should

21  continue to be treated as confidential information and, if so, or what protection, if any, may be

22  afforded to such information at trial.

23  ///

24  ///

25  ///

5

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

**E.     SUBPOENA BY OTHER COURTS OR AGENCIES.**

If another Court or administrative agency subpoenas or orders production of stamped confidential documents that a party has obtained under the terms of this order, such parties shall forthwith promptly notify the counsel for the party who designated the document as confidential of the pendency of such subpoena or order.

**F.     FILING.**

Stamped confidential documents may not be filed with the clerk except when required in connection with filings or other matters pending before the Court.  If filed, they shall be filed under SEAL and shall remain SEALED while in the office of the clerk so long as they retain their status as stamped confidential documents.

**G.     CLIENT REVIEW.**

The parties to this action are permitted to examine all confidential documents, but agree not to divulge or use the same unless otherwise permitted by this stipulation and order.

**H.     PROHIBITIVE COPYING.**

If a document contains information so sensitive that it should not be copied by anyone, including counsel or counsel representatives for the parties, it shall bear the additional legend "*Copying Prohibited*."  Application for relief from this restriction against copying may be made to the Court with notice to counsel so designating the document.

**I.     USE.**

Persons obtaining access to stamped confidential documents under this order shall use the information only for preparation in trial of this specific litigation (including appeals and re-trials), and shall not use such information for any other purpose, including, but not limited to, business, personal, separate litigation, or judicial procedures.

///

///

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

**J.     NON-TERMINATION.**

The provisions of this order shall not terminate at the conclusion of this action. Within 60 days after the final conclusion of all aspects of this litigation, stamped confidential documents and all copies of the same shall be returned to the counsel for the party that produced such documents, or, at the option of the producer (if it retains at least one copy of the same) destroyed. All counsel of record shall submit certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents, not more than 60 days after the final termination of this litigation.

**K.     MODIFICATION PERMITTED.**

Nothing in this order shall prevent any party or other person seeking modification of this order or from objecting to discovery that it believes to be otherwise improper.

**L.     RESPONSIBILITY OF ATTORNEYS.**

The attorneys of record are responsible for employing reasonable measures, consistent with this order, to control duplication of, access to, and distribution of copies of stamped confidential documents. Parties shall not duplicate any stamped confidential documents except for working copies, copies for deposition exhibits and copies for filing with the Court under SEAL.

**M.     NO WAIVER.**

(a)     Review of confidential documents and information by any persons pursuant to this Order shall not waive the confidentiality of the documents or objections to production.

(b)     The inadvertent, unintentional, or in camera disclosure of confidential documents and information shall not, under any circumstances, be deemed a waiver in whole or in part, of any persons claim of confidentiality.

///

///

///

7

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

1  **N.  OBJECTIONS RESERVED.**

2  Nothing contained in this confidentiality order and no action taken pursuant to it shall
3  prejudice the right to any party to contest alleged relevancy, admissibility, or discoverability of
4  confidential documents and information sought.

6  DATED this 23rd day of September, 2011.

**BAILEY❖KENNEDY**

By  */s/ Kimberly R. McGhee*
    Dennis Kennedy
    Kimberly McGhee
    8984 Spanish Ridge Avenue
    Las Vegas, NV 89148-1302
    Attorneys for Plaintiffs

**Mariscal, Weeks, McIntyre
& Friedlander, P.A.**

By:  */s/ Scot L. Claus*
     Scot L. Claus, Esq.
     2901 N. Central Avenue, Suite 200
     Phoenix, AZ 85012-2705
     Attorneys for Plaintiffs

**United States of America**

By:  */s/ Roger Wenthe*
     Roger Wenthe
     Assistant United States Attorney
     333 Las Vegas Blvd. S.
     Las Vegas, NV  89101
     Attorneys for Defendant United States of America

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

# ORDER

The parties jointly submitted a Stipulation and Proposed Protective Order Governing Confidential Documents and Other Information the terms and conditions of which the Court reviewed and does hereby approve and order adopted under F.R.C.P. 26(c).  This order modifies the parties' stipulated protective order with respect to any documents filed or submitted with any dispositive motions filed in this case, and with respect to any documents the parties seek to maintain as confidential for purposes of identification in the joint pretrial order.

The Court has approved the parties' blanket protective order to facilitate the parties' discovery exchanges.  However, the parties have not made an individualized showing that a protective order is necessary to protect their secret or other confidential information or established that disclosure would cause an identifiable, significant harm.  The Ninth Circuit has recently examined the presumption of public access to judicial files and records and held that parties seeking to maintain the secrecy of presumption of public access. *See Kamakana v. City and County of Honolulu* 447 F.3d 1172, 1180 (9th Cir. 2006).  Accordingly, the Court has approved the parties' stipulation, but will require that any party seeking to seal attachments to a motion for summary judgment or other dispositive motion or documents identified in the joint pretrial order shall be required to seek further leave of Court.

### A. Protective Orders

Fed. R. Civ. P. 26(c) permits the Court in which an action is pending to "make any order which justice requires to protect the party or person from annoyance, embarrassment, oppression or undue burden or expense" upon motion by a party or a person from whom discovery is sought.  The burden of persuasion under Fed. R. Civ. P. 26(c) is on the party seeking the protective order. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121, (3d Cir. 1986).  To meet that burden of persuasion, the party seeking the protective order must show good cause by demonstrating a particular need for the protection sought. *Beckman Indus., Inc., v. Int'l. Ins. Co.*, 966 F.2d 470,

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

476 (9th Cir. 1992). Rule 26(c) requires more than "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Id., citing Cipollone v. Liggett.* "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that prejudice or harm will result if no protective order is granted." *Foltz v. State Farm,* 331 F.3d 1122, 1130 (9th Cir. 2003), *citing San Jose Mercury News, Inc., v. District Court*, 187 F3d 1096, 1102 (9th Cir. 1999).

In *Seattle Time Co. v. Rhinehart,* the Supreme Court interpreted the language of Fed. R. Civ. P. 26(c) as conferring "broad discretion on the trial Court to decide when a protective order is appropriate and what degree of protection is required." 467 U.S. 20, 36 (1984). The Supreme Court acknowledged that the "trial Court is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery. The unique character of the discovery process requires that the trial Court have substantial latitude to fashion protective orders." *Id.* Although the trial Court has broad discretion in fashioning protective orders, the Supreme Court has also recognized "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978). However, the common law right to inspect and copy judicial records is not absolute. *Id.* Thus, the Supreme Court concluded, "[e]very Court has supervisory power of its own records and files, and access has been denied where the Court files might have become a vehicle for improper purpose." *Id.*

### B. The Presumption of Public Access

Unless Court records are of the type "traditionally kept secret" the Ninth Circuit recognizes a "strong presumption in favor of access." *Foltz v. State Farm Mutual Auto Insurance Company,* 331 F.3d 1122, 1135 (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). Grand jury transcripts and warrant materials involved in pre-indictment investigations are two categories of documents and records which have "traditionally been kept

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

secret for important policy reasons." *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989). Although the federal common law right of access exists, it "does not mandate disclosure in all cases." *San Jose Mercury News, Inc.*, 187 F.3d at 1102. The strong presumption in favor of public access recognized by the Ninth Circuit "can be overcome by sufficiently important countervailing interest." *Id.*

### 1. Pretrial Discovery

In the Ninth Circuit, "[i]t is well-established that the fruits of pretrial discovery are, in the absence of a Court order to the contrary, presumptively public." *San Jose Mercury News v. United States District Court*, 187 F.3d 1096, 1103 (9th Cir. 1999). Thus, the Ninth Circuit concluded "[g]enerally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary." *Phillips v. General Motors*, 307 F.3d 1206, 1210 (9th Cir. 2002). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Id.* at 1210-11. Or, as the Ninth Circuit articulated the standard in *Foltz*, "[t]he burden is on the party requesting a protective order to demonstrate that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm." *Foltz* at 1131, quoting *Deford v. Schmid Prods. Co.,* 120 F.R.D. 648, 653 (D. Md. 1987). "If a Court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Id.* at 1211 (citing *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)).

### 2. Sealed Discovery Documents

In *Phillips*, the Ninth Circuit carved out an exception to the presumption of public access, holding that the presumption does not apply to materials filed with the Court under seal subject

11

BAILEY✦KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

to a valid protective order. 307 F. 3d at 1213. The *Phillips* decision relied on the *Seattle Times* decision in concluding that protective orders restricting disclosure of discovery materials which are not admitted in evidence do not violate the public right of access to traditionally public sources of information. *Id.* at 1213 (*quoting, Seattle Times*, 467 U.S. at 33). The Ninth Circuit reasoned that the presumption of public access was rebutted because a district Court had already determined that good cause existed to protect the information from public disclosure by balancing the need for discovery against the need for confidentiality in issuing the protective order. *Id.* Therefore, "when a party attaches a sealed discovery document to a non-dispositive motion, the usual presumption of the public's right of access is rebutted."

### 3. Materials Attached to Dispositive Motions

The Ninth Circuit recently and comprehensively examined the presumption of public access to judicial files and records in *Kamakana v. City and County of Honolulu,* 447 F.3d 1172 (9th Cir. 2006). There, the Court recognized that different interests are at stake in preserving the secrecy of materials produced during discovery, and materials attached to dispositive motions. Citing *Phillips* and *Foltz,* the *Kamakana* decision reiterated that a protective order issued under the Rule 26(c) may be issued once a particularized showing of good cause exists for preserving the secrecy of discovery materials. "Rule 26(c) give the district Court much flexibility in balancing and protecting the interests of private parties." 447 F.3d at 1180. The *Kamakana* Court, therefore, held that a "good cause" showing is sufficient to seal documents produced in discovery. *Id.*

However, the *Kamakana* decision also held that a showing of "compelling reasons" is needed to support the secrecy of documents attached to dispositive motions. A showing of "good cause" does not, without more, satisfy the "compelling reasons" test required to maintain the secrecy of documents attached to dispositive motions. *Id.* The Court found that:

> Different interests are at stake with the right of access than with Rule 26(c); with the former, the private interests of the litigants are not the only weights on the scale. Unlike private materials unearthed during discovery, judicial records are public documents almost by definition, and the public is entitled to access by default. (Citation omitted). This fact sharply tips the balance in favor of production when a document formally sealed for good cause under Rule 26(c) becomes part of the judicial record. Thus, a "good cause" showing alone will not suffice to fulfill the "compelling reasons" standard that a party must meet to rebut the presumption of access to dispositive pleadings and attachments.

*Id. Kamakana* recognized that "compelling reasons" sufficient to outweigh the public's interests in disclosure and justify sealing records exist when our records may be used to gratify private spite, permit public scandal, circulate libelous statements, or release trade secrets. *Id.* at 1179 (internal quotations omitted). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the Court to seal its records." *Id, citing, Foltz*, 331 F.3d at 1136. To justify sealing documents attached to dispositive motions, a party is required to present articulable facts identifying the interests favoring continuing secrecy, <u>and</u> show that these specific interests overcome the presumption of public access by outweighing the public's interests in understanding the judicial process. *Id.* at 1181 (internal citations and quotations omitted).

For all of the foregoing reasons,

**IT IS ORDERED:**

1. No documents which are filed with the Court as attachments to a summary judgment or other dispositive motion, or documents which are identified in the joint pretrial order, may be filed under seal unless the proponent seeking protected status of the document(s) establishes "compelling reasons" to rebut the presumption of public access.

2. Any party seeking to seal attachments to a motion for summary judgment or other dispositive motion filed with the Court, or documents which are identified in the joint

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148
PHONE (702) 562-8820
FAX (702) 562-8821

1     pretrial order, shall submit a separate memorandum of points and authorities which

2     presents articulable facts identifying the interests favoring continuing the secrecy of

3     the attachments, and shows that these specific interests outweigh the public's interests

4     in disclosure sufficient to overcome the presumption of public access to dispositive

5     pleadings and attachments.

6   3. Any application to seal documents attached to a motion for summary judgment or

7     other dispositive motion, or documents identified in the joint pretrial order, shall be

8     served on opposing counsel together with the documents proposed to be filed under

9     seal. Opposing counsel shall have **fifteen days** from service of any application to

10     seal documents attached to a motion for summary judgment or other dispositive

11     motion, or documents identified in the joint pretrial order, in which to file a response.

Dated this 23rd day of day September, 2011.

Submitted by:

**BAILEY❖KENNEDY**

By */s/ Kimberly R. McGhee*
DENNIS L. KENNEDY
KIMBERLY R. McGHEE
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302

Scot L. Claus
(Admitted *Pro Hac Vice*)
**MARISCAL, WEEKS McINTYRE
  &amp; FRIEDLANDER, P.A.**
2901 N. Central Ave., Ste. 200
Phoenix, AZ 85012-2705
**Attorneys for Plaintiffs**

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE
DATED: Dec. 6, 2011

14