1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

11

| | |
|---|---|
| U-HAUL INTERNATIONAL, INC., *et al*., | |
| Plaintiffs, | Case No. 2:08-CV-00729-KJD-PAL |
| v. | **ORDER** |
| UNITED STATES OF AMERICA, *et al*., | |
| Defendants. | |

17

Before the Court is the United States' Motion for Judgment on the Pleadings as to Count Three (#49).  Plaintiff U-Haul filed an opposition (#53) and the United States filed a reply (#54).

Background

Beginning in 2004, U-Haul was the respondent in several consolidated unfair labor practice proceedings brought by the National Labor Relations Board ("NLRB"). During those proceedings, Assistant United States Attorney Steven Wamser ("Wamser") supervised another Assistant United States Attorney, Nathan Albright ("Albright"), in the representation of the NLRB. U-Haul was represented by Kamer, Zucker, Abbott ("KZA").  KZA employed paralegal Debra Wilcher ("Wilcher"), who

1   was assigned to assist the attorneys at KZA in the NLRB proceeding. Plaintiff alleges that during that

2   proceeding, Albright had a sexual relationship with Wilcher ("the Affair") and that during the

3   Affair, Albright and Wamser sought and obtained attorney/client privileged information from

4   Wilcher, including litigation strategy information ("Confidential Information"). Wilcher and

5   Albright, who is now deceased, have been sued in separate litigation.

6       The United States seeks judgment on the pleadings on U-Haul's claim for

7   negligence/professional negligence. U-Haul alleges that Wamser, in his role as opposing counsel and

8   government attorney, owed a duty of care to U-Haul and that Wamser violated that duty when he

9   solicited and obtained confidential information via Wilcher, used that information to influence the

10  NLRB proceeding, and failed to withdraw as counsel in the NLRB proceding.  (Amended Compl. ¶¶

11  42-48.)  U-Haul also alleges that Wamser breached a duty to U-Haul by failing to properly supervise

12  Albright by allowing Albright to engage in the Affair and obtain and use the confidential

13  information.  (Id.)

14  II.  Analysis

15      A.  Legal Standard

16      Rule 12(c) of the Federal Rules of Civil Procedure provides: "After the pleadings are

17  closed – but early enough not to delay trial – a party may move for judgment on the pleadings."

18  Rule 12(c) is "functionally identical" to Rule 12(b)(6), and the "same standard of review"

19  applies to a motion brought under either rule. Cafasso v. General Dynamics C4 Systems, Inc.,

20  637 F.3d 1047, 1054 n.4 (9th Cir. 2011).  Judgment on the pleadings is appropriate when, even if all

21  material facts in the pleading under attack are true, the moving party is entitled to judgment as a

22  matter of law.  Hal Roach Studios Inc. v. Ricard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th

23  Cir.1989).   To survive a motion of this type, a party must show more than "labels and conclusions"

24  or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937,

25  1949 (2009).

26

B.  Negligence/Professional Negligence

"In Nevada, legal malpractice is premised upon an attorney-client relationship, a duty owed to the client by the attorney, breach of that duty, and the breach as proximate cause of the client's damages." Semenza v. Nevada Med. Liab. Ins. Co., 104 Nev. 666, 667-68 (1989); Warmbrodt v. Blanchard, 100 Nev. 703, 706-07 (1984).  "It is the 'contractual relationship creating a duty of care upon an attorney [which is] the primary essential to a recovery for legal malpractice." Id. at 707, quoting Ronnigen v. Hertogs, 294 Minn. 7, 199 N.W.2d 420, 421 (1972).  In Nevada, a civil action cannot be based on a violation of ethical rules "because the rules were not meant to create a cause of action for civil damages." Mainor v. Nault, 120 Nev. 750, 101 P.3d 308, 321 (Nev.2004).

U-Haul does not allege that it had any contractual relationship with Wamser or Albright. Instead, U-Haul argues that policy considerations may allow a court to find that an attorney owes a duty to a third party.  U-Haul cites Charleson v. Hardesty, 108 Nev. 878, 882 (1992) in support of this.  However, that case involved the duty owed by an attorney to the beneficiaries of a trust.  As an adverse party, U-Haul was not a beneficiary of the NLRB proceeding where Wamser and Albright represented the NLRB.  See Hartford Acc. & Indem. Co. v. Rogers, 96 Nev. 576, 580 (1980) (no cause of action against attorney because "[a]ppellant [adverse party, an insurance company] was certainly not an intended beneficiary of any of respondent's [opposing party's attorney's] services.") No Nevada Court has recognized a duty owed to opposing counsel.

U-Haul also argues that Wamser "had a duty to properly supervise Mr. Albright so that Mr. Albright did not engage in conduct that fell outside the course and scope of his employment, and his failure to fulfill that duty seriously damaged U-Haul."  (Oppo. at 6.)  However, no Nevada court has recognized a cause of action for negligent supervision in the absence of a physical injury to the plaintiff. See Hall v. Raley's, 2010 WL 55332 *9 (D. Nev. 2010) (predicting that Nevada would follow the Restatement rule that physical harm is necessary for negligent supervision claim). Accordingly, U-Haul fails to state a claim for negligence/professional negligence.

III.  Conclusion

     **IT IS HEREBY ORDERED** that the United States' Motion for Judgment on the Pleadings as to Count Three (#49) is **GRANTED**.

                    DATED this 9th day of January 2012.


                                        _____
                                        Kent J. Dawson
                                        United States District Judge