**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| U-HAUL INTERNATIONAL, INC., et al.   )<br>                                         )<br>                        Plaintiffs,    )<br>                                         )<br>vs.                                      )<br>                                         )<br>UNITED STATES OF AMERICA,     )<br>                                         )<br>                        Defendant.     )<br>_____)  | Case No. 2:08-cv-00729-KJD-PAL<br><br>**ORDER**<br><br>(Mots Bar Evidence - Dkt. ##72, 73) |

Before the court is Defendant's Motion to Bar Evidence and for Other Sanctions (Dkt. #72), and Amended Motion (Dkt. #73). The court has considered the motion, the Plaintiffs' Response (Dkt. #76) and Defendant's Reply (Dkt. #77).

**BACKGROUND**

The Complaint (Dkt. #1) was filed June 5, 2008. It asserts a claim under the Federal Tort Claim Act ("FTCA") for conversion, tortious conspiracy and professional negligence. Plaintiffs' claims arise out of several consolidated unfair labor practice proceedings brought by the National Labor Relations Board ("NLRB") beginning in 2004. Plaintiffs U-Haul Co. of Nevada, Inc. and U-Haul International, Inc. ("U-Haul") allege that its confidential information was disclosed by a paralegal employed by its outside law firm, Kamer, Zucker & Abbott ("KZA") to Nathan Albright, an attorney for the NLRB. U-Haul claims the disclosure prejudiced it in defending itself in the NLRB proceedings and seeks "an award of damages proximately caused by the acts of the Defendants in an amount to be proven at trial," costs of suit and any further relief the court deems appropriate.

The district judge granted the government's motion to dismiss for lack of jurisdiction on June 1, 2009. See Order (Dkt. #17). Plaintiff appealed and the Ninth Circuit vacated the judgment of the district court and remanded it for further proceedings consistent with its decision in the related case of

U-Haul v. Wilcher, No. 07-16482. See Memorandum/Opinion (Dkt. #33). The Order on Mandate (Dkt. #36) was entered December 20, 2010, and gave the Plaintiff until January 21, 2011, to file an amended complaint. The Amended Complaint (Dkt. #37) was timely filed and asserts claims for conversion, trespass to chattle, professional negligence, tortious conspiracy, and concert of action against the United States for the conduct of Mr. Albright, and his supervisor, Mr. Wamser. The district judge entered an Order (Dkt. #51) granting Defendant Steven Wamser's motion to substitute the United States as a party Defendant. The district judge also approved the parties' Stipulation (Dkt. #55) to dismiss Defendant Nathan Albright. See Order (Dkt. #58) entered September 23, 2011. This case was consolidated for pretrial discovery with Case No. 2:06-cv-00618-RCJ-PAL on December 13, 2011. See Order (Dkt. #67). On January 9, 2012, the district judge entered an Order (Dkt. #68) granting the United States' motion for judgment on the pleadings on U-Haul's claim for negligence, professional negligence.

The parties' proposed Discovery Plan and Scheduling Order (Dkt. #56) was approved in an Order (Dkt. #66) entered December 6, 2011. The plan established a July 31, 2011, discovery cutoff and other case management deadlines generally consistent with the requirements of LR 26-1(e). The court granted the parties' Stipulation (Dkt. #70) to amend the discovery plan and scheduling order. The current Scheduling Order (Dkt. #71) extended discovery until September 28, 2012, with dispositive motions due October 29, 2012, and the joint pretrial order due November 29, 2012.

In the current motion, the United States seeks an order under Rule 37(c)(1) precluding the Plaintiffs from using any evidence that it has failed to provide in initial disclosures required by Rule 26(a) in support of any motion, hearing or at trial. Additionally, the United States seeks an order precluding U-Haul from presenting evidence on the liability issues of any of its claims, or in the alternative, an order compelling U-Haul to produce supporting evidence by at time certain and an award of costs and attorneys fees incurred for the necessity of filing this motion. The United States asserts that U-Haul's initial disclosures, served December 15, 2011, were deficient. Counsel for the United States sent an e-mail to counsel for U-Haul December 16, 2011, contending the initial disclosures were deficient because they contained no computation of damages or documents supporting Plaintiff's damages. U-Haul served a supplemental Rule 26(a) disclosure January 25, 2012. The supplemental

disclosures added additional information regarding damages by providing dollar amounts sought for three of the four categories of damages identified. However, U-Haul did not quantify its third category of damages, pertaining to the intrinsic value of the memo allegedly given by paralegal Wilcher to Attorney Albright containing U-Haul's confidential information and any other privileged and confidential information wrongfully obtained by government representatives. Eleven pages of documents supporting the first two categories of damages were produced, but no documents were produced to support this third category. The only documents supporting the fourth damages category was the formal settlement stipulation which the United States produced in which U-Haul agreed to enter a consent order to end the unfair labor practices proceedings before the NLRB.

Counsel for the United States sent a letter to counsel for U-Haul February 16, 2012, complaining that the supplemental disclosures were still deficient in several respects. Counsel for the parties met and conferred February 22, 2012. During the meet-and-confer conference, counsel for the government reiterated the position taken in the February 16, 2012, letter that the supplemental disclosures were deficient.

On March 16, 2012, U-Haul served a second supplemental initial disclosure producing an additional 85-pages of documents. Counsel for the government represents that all 85 pages were documents previously filed in either the underlying unfair labor practices proceedings, or in federal lawsuits related to these proceedings. None of the documents contain an explanation of how any alleged conversion or trespass to chattles committed by Wamser caused any harm to U-Haul's ability to defend itself in the underlying proceedings, or supports any basis for imposing liability on the United States for Wamser's actions.

U-Haul served a third supplement to its initial disclosures April 6, 2012, which produced the same 85 pages attached to the second supplement, but removed the confidential designation from the documents.

Based on this set of facts, the United States requests sanctions under Rule 37(c)(1) for U-Haul's failure to provide information or identify witnesses as required by Rule 26(a) or (e). The United States argues that Rule 37(c)(1) sanctions are automatic, and that U-Haul cannot satisfy its burden of establishing that its failure to provide disclosures is substantially justified or harmless. The United

States argues that it cannot initiate deposition discovery until obtaining all of U-Haul's documentary evidence supporting its claims. Additionally, allowing U-Haul more time to comply with its Rule 26 obligations is an insufficient sanction to insure that U-Haul does not continue to disregard the rules and court orders. However, if the court does not agree that evidence preclusion sanctions are warranted, the court should sanction U-Haul for the attorneys fees and costs incurred by the United States to compel compliance with its Rule 26(a) obligations.

Plaintiff opposes the motion arguing that with nearly six months left to complete discovery, the motion is premature and actually a preemptive strike to distract the court from the government's failure to preserve critical documents. Plaintiff served initial disclosures and supplemented its initial disclosures and has provided a computation of damages for three of the four categories of damages sought. However, the remaining category includes the "intrinsic value" of the privileged memo involved in this case. The intrinsic value is inherently subjective and Plaintiff intends to address the value of this damage item in its expert report which is due in June 2012. Rule 26(a)(1)(E) requires a party to make initial disclosures based on information reasonably available to it at the time of disclosure, and Rule 26(e)(1)(A) anticipates that parties will supplement the initial disclosures. Plaintiff will supplement its initial disclosures if and when it obtains additional information.

During oral argument counsel for the government argued that the primary purpose of this motion was to obtain a court order requiring the Plaintiff to produce all of the documents supporting its claims by a time certain. After the motion was filed, the Plaintiff served the government with additional documents and materials. A chart of the documents produced was presented to the court.

Counsel for the Plaintiff represented that he had requested that his client provide all of the documents in its care, custody and control, and that all of these documents had been produced. Many of the critical documents are or were in the possession of the government which failed to preserve them. As discovery progresses, the Plaintiff will supplement its initial disclosures as appropriate.

Having reviewed and considered the moving and responsive papers and the arguments of counsel, the court is satisfied that the Plaintiff conducted a diligent search for all responsive documents and has produced all responsive documents within its care, custody and control. Counsel for Plaintiff signed the Plaintiff's initial disclosures, Plaintiff's supplemental disclosures, and responses to requests

for production of documents. Pursuant to Rule 26(g), by assigning these discovery responses counsel certified that to the best of his knowledge, information and belief formed after reasonable inquiry, the disclosure was complete and correct as of the time it was made. Accordingly,

**IT IS ORDERED** the government's Motion and Amended Motion to Bar Evidence and for Sanctions (Dkt. #72, 73) is **DENIED**.

Dated this 21st day of May, 2012.

_____
Peggy A. Leen
United States Magistrate Judge