UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| U-HAUL CO. OF NEVADA, INC., *et al*., | |
|     Plaintiffs, | Case No. 2:08-CV-729-KJD-RJJ |
| v. | **ORDER** |
| UNITED STATES OF AMERICA, *et al*., | |
|     Defendants. | |

    Presently before the Court is the Motion for Judgment on the Pleadings (#79) filed by Defendant United States of America (the "United States"). Plaintiffs U-Haul Co. of Nevada, Inc. and U-Haul International, Inc. (collectively "U-Haul") filed an opposition (#84).

    Also before the Court is U-Haul's Motion to Amend Complaint (#85). The United States filed an opposition (#94) to which U-Haul replied (#100).

**I. Background**

    The present action stems from an Unfair Labor Practice proceeding against U-Haul before the National Labor Relations Board ("NLRB") in 2004. The NLRB utilized two attorneys to prosecute

the proceeding against U-Haul: Stephen Wamser ("Wamser") and Nathan Albright ("Albright"). During the proceeding, U-Haul's counsel, Kamer, Zucker, Abbot, hired Debra Wilcher ("Wilcher") as a paralegal. U-Haul asserts Albright instigated a sexual relationship with Wilcher during a period between 2004 and October 2005.

U-Haul commenced the present action in this Court and filed a complaint against the United States on June 5, 2008. U-Haul filed its first amended complaint (the "Complaint") on January 20, 2011. U-Haul's Complaint asserts claims against The United States for: 1) conversion; 2) trespass to chattels; 3) negligence/professional negligence; 4) tortious conspiracy; and 5) concert of action. The United States' motion for judgment on the pleadings was granted as to the claim of negligence/professional negligence (#68). Additionally, claims against Albright were dismissed on stipulation (#58).

The United States has requested judgment on the pleadings as to the claims of tortious conspiracy and concert of action. U-Haul has opposed the United States' Motion and filed a countermotion seeking leave to file a Second Amended Complaint adding allegations that Wamser encouraged Albright to obtain confidential information from Wilcher, and asserting a new claim for aiding and abetting.

**II. Discussion**

**A. Motion for Judgment on the Pleadings**

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). "Judgment on the pleadings is proper when there are no issues of material fact, and the moving party is entitled to judgment as a matter of law." *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989). All allegations asserted by the party opposing the motion are accepted as true and are construed in the light most favorable to that party. *Id*.

Rule 12 (c) is functionally identical to Rule 12(b)(6) and the same standard of review applies. *Cafasso v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). In order for a

complaint to survive a motion for judgment on the pleadings "... a plaintiff's obligations to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] formulaic recitation of the elements of a cause of action will not do." *Id*.

### B. Tortious Conspiracy

Under Nevada law:

> "An actionable civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage." *Collins v. Union Federal Sav. & Loan Ass'n*, 99 Nev. 284, 303, 662 P.2d 610, 622 (1983).

However, "agents and employees of a corporation cannot conspire with their corporate principal or employer where they act in their official capacities on behalf of the corporation and not as individuals for their individual advantage." *Id*. This limitation, known as the intracorporate conspiracy doctrine, prevents a finding of liability for conspiracy between co-employeees without a showing that the employees were acting as individuals and for their individual advantage. *Id*.

U-Haul argues that the United States conceded that Albright was not acting within the scope of his employment when it refused to certify Albright. According to U-Haul, if Albright was not acting within his official capacity for purposes of certification, then Wamser and Albright cannot be shielded by the intracorporate conspiracy doctrine. U-haul also states that, to the extent that the Complaint does not allege that Albright acted for his individual advantage, this can be cured by the proposed amendment adding an allegation that Wamser and Albright acted for individual advantage including "bonuses and promotion."

The United States argues that the intracorporate conspiracy doctrine applies in this case because even if Albright was acting beyond the scope of his employment, the Complaint fails to sufficiently allege facts showing that Albright obtained any individual advantage through his alleged actions. According to the United States, Albright was not acting for his individual advantage, but to further the interest of the NLRB.

The intercorporate conspiracy doctrine requires a plaintiff stating a claim for conspiracy between employees to plead plausible facts showing: 1) that the alleged conspirator acted outside his official capacity, and 2) that he was acting for his individual advantage.  The current Complaint contains no allegations that Albright acted for his own benefit and accordingly fails to state a claim. U-Haul's proposed amendment conclusorily states that potential "bonuses and promotion" constitute an individual advantage.  *See* Proposed Second Amended Compl. ¶ 43.  Permitting this amendment to the Complaint would not salvage the claim.  The individual advantage alleged by Plaintiff is insufficient because it is conditional on the employer first obtaining a benefit. In *Collins*, the plaintiff alleged that a lender and three employees conspired to wrongfully foreclose on his property. Since the foreclosure benefitted the lender, the court held that the intracorporate conspiracy doctrine barred the conspiracy claim.  The court did not factor in indirect benefits that the individual employees received as a result of the benefit conferred on the employer.  If the Court recognized indirect benefits as "individual advantage," it would functionally abrogate the second prong of the intracorporate conspiracy doctrine since potential bonuses, promotion, or continued employment could always be alleged to be an benefit.  Accordingly, the claim for tortious conspiracy fails.

### C. Concert of Action

Under Nevada law, a claim for concert of action requires that multiple tortfeasors act tortiously in concert with each other pursuant to an agreement. *Dow Chemical Co. v. Mahlum*, 114 Nev. 1468, 1489, 970 P.2d 98, 112 (1998) (citing Restatement (Second) of Torts § 876 (1979)). Although the claim resembles civil conspiracy, "the tort of concert of action has traditionally been quite narrow in the scope of its application." *Id*. The Nevada Supreme Court has acknowledged a cause of action for concert of action generally serves to 'deter antisocial or dangerous behavior' and 'is largely confined to isolated acts of adolescents in rural society'" *Id*. (Citations omitted). Further a concert of action claim is subject to the shield of the intracorporate conspiracy doctrine. *Rebel Communications, LLC v. Virgin Valley Water District*, 2010 WL 3636176 at *2 (concert of action claim barred by intracorporate conspiracy doctrine for same reasons as civil conspiracy claim).

4

1   U-Haul has failed to provide any case showing Nevada courts recognizing a cause of action for concert of action outside of dangerous or antisocial circumstances. *See Tai-Si Kim v. Kearney*, 838 F.Supp.2d 1077, 1093 (D.Nev. 2012) (granting summary judgment on concert of action claim because "engaging in a real estate transaction is not inherently dangerous"). The intracorporate conspiracy doctrine bars the concert of action claim for the same reasons it bars the tortious conspiracy claim. U-Haul has not provided authority to the contrary. The Complaint contains nothing more than a mere recitation of the elements of concert of action and fails to plausibly state grounds for relief. Accordingly, the motion to dismiss U-Haul's concert of action claim is granted.

**D.  Countermotion to Amend Complaint**

A party may amend its complaint if the adverse party gives written consent or with leave of the court. Courts should freely grant leave to amend. Fed. R. Civ. P. 15(a). However, a "district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of America*, 367 F.2d 1255, 1263 (11th Cir. 2004). Denial of leave to amend is justified when the complaint as amended is still subject to dismissal. *Id.* (citing *Burger King v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999).

U-Haul asserts a new claim against the United States under a theory of aiding and abetting in its proposed Second Amended Complaint. According to the proposed Second Amended Complaint, Wamser "assisted or encouraged Mr. Albright to obtain Confidential Information about U-Haul from Ms. Wilcher and possibly others." *See* Second Amended Compl. ¶ 53.

In Nevada, "liability attaches for civil aiding and abetting if the defendant substantially assists or encourages another's conduct in breaching a duty to a third person." *Mahlum*, 114 Nev. at 1490 (citing Restatement (Second) of Torts § 876(b) (1979)). The United States argues that, although Nevada courts have never held that the intracorporate conspiracy doctrine applies to aiding and abetting claims, the Court should predict that Nevada would apply that doctrine and deny amendment for this reason. Given the generous standards afforded to Plaintiff at this stage of the proceedings, the Court cannot determine as a matter of law that amendment to add the aiding and abetting claim

would be futile and declines to predict how Nevada courts would rule on this question. Accordingly, leave to amend the complaint to add the aiding and abetting claim is granted.

### III. Conclusion

**IT IS HEREBY ORDERED THAT** Defendant United States' Motion for Judgment on the Pleadings (#79) is **GRANTED**.

**IT IS FURTHER ORDERED** Plaintiff U-Haul's Motion to Amend Complaint (#85) is **GRANTED** in part and **DENIED** in part.

DATED this 25th day of July 2012.

_____
Kent J. Dawson
United States District Judge