1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

U-HAUL CO. OF NEVADA, INC., ET
AL.,

      Plaintiff,

v.

UNITED STATES OF AMERICA, *et al*.,

      Defendants.

Case No. 2:08-CV-00729-KJD-PAL

**ORDER**

      Before the Court is the Join Motion for Determination of Good Faith Settlement (#128) filed by Plaintiff U-Haul and Defendant United States of America (the "Government").  Interested party Gregory J. Kamer, Ltd. filed a response (#130) to this motion, to which interested party Debra Wilcher joined (#133).  U-Haul and the Government filed a reply (#132).  This matter came before the Court for argument on November 6, 2012.

I.  Background

      This action stems from an Unfair Labor Practice proceeding against U-Haul before the National Labor Relations Board ("NLRB") in 2004. The NLRB utilized two attorneys to prosecute the proceeding against U-Haul: Stephen Wamser ("Wamser") and Nathan Albright ("Albright").

During the proceeding, U-Haul's counsel, Kamer, Zucker, Abbot, hired Debra Wilcher ("Wilcher") as a paralegal. U-Haul asserts Albright instigated a sexual relationship with Wilcher during a period between 2004 and October 2005. U-Haul alleges that Wilcher disclosed certain confidential information belonging to U-Haul. U-Haul asserts causes of action against the Government for conversion, trespass to chattels, and aiding and abetting.

U-Haul agreed to release the Government from all claims in exchange for $75,000, and assurance that NLRB staff will handle potential proceedings against U-Haul, rather than counsel connected with this matter. U-Haul and the Government seek a determination, pursuant to NRS 17.245, that this settlement (the "Settlement") is in good faith. The Settlement is not contingent on a finding of good faith.

Gregory J. Kamer, Ltd., d/b/a/ Kamer Zucker Abbott (the "Kamer Law Firm") and Debra Wilcher are defendants in a related matter, <u>U-Haul Co. Of Nevada, Inc., et al, v. Gregory J. Kamer, Ltd., et al.</u>, 2:12-cv-231-KJD-RJJ (D. Nev). The Kamer Law Firm and Wilcher do not object to the Settlement, but argue that the Court should not find that it is in good faith.

II. Discussion

A. Legal Standard

NRS 17.245 provides, in pertinent part:

1. When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:
(a) It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide, but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and
(b) It discharges the tortfeasor to whom it is given from all liability for contribution and for equitable indemnity to any other tortfeasor.

The determination of whether a settlement is "in good faith" under this statute is left to the discretion of the trial court, based upon all relevant facts. <u>Velsicol Chem. Corp. v. Davidson</u>, 107 Nev. 356, 360, 811 P.2d 561, 563 (1991); <u>Candow v. Dust</u>, 2012 WL 1231889 *1 (D. Nev. 2012). These factors may include the amount paid, the parties' financial condition, and the existence or

2

non-existence of collusion or fraud aimed to injure the interests of non-settling defendants.  Candow at *1 (citing In re MGM Grant Hotel Fire Litig., 570 F.Supp. 913, 927 (D.Nev.1983)).  A settling defendant has the burden of proving that the settlement was in good faith.  Doctors Co. v. Vincent, 98 P.3d 681, 686–87 (Nev.2004)

B.  Good Faith

U-Haul claimed that its damages arising out of this matter were $1.8 million.  The Government argues that the $75,000 Settlement amount is reasonable because U-Haul "had virtually no chance of ever proving an entitlement to that amount."  The Government further argues that the offers of judgment by the Kamer Law Firm and Wilcher for $200,000 and $50,000 respectively demonstrate that the Settlement amount is reasonable.

The Court does not agree that the Settlement amount is reasonable.  The Government's optimistic argument that U-Haul cannot hope to recover the amount it seeks does not satisfy its burden to demonstrate that the Settlement is good faith. Notwithstanding the Government's belief, if a jury accepts the claims as asserted by U-Haul, the non-settling Defendants would be left to face a huge award with no right of contribution against the Government.  The dollar value of the Settlement between U-Haul and the Government is about 4% of U-Haul's alleged damages.[1]  Because of the disproportion between the Settlement and the claimed damages, the Court cannot say with certainty that this Settlement is reasonable.  Further, making an offer of judgment involves strategic and other considerations not at play here and the non-settling parties should not be constrained by those numbers in arguing that the settlement amount is unreasonable.  At most, the offers of judgment represent the Kamer Law Firm and Wilcher's attempt to resolve the case for the minimum realistic amount.  Accordingly, the Motion for Determination of Good Faith Settlement is denied.

---

[1] U-Haul also argues that the Settlement provision requiring  NLRB staff to handle future proceedings represents valuable consideration. The Court believes that the value of barring two specific attorneys from involvement is of limited value and this does not affect the determination of good faith.

III. Conclusion

  **IT IS HEREBY ORDERED** that the Joint Motion for Determination of Good Faith Settlement (#128) is **DENIED**.

   DATED this 4th day of December 2012.


_____
Kent J. Dawson
United States District Judge